UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHESTER WALLACE AND LIBBY WALLACE | CIVIL ACTION |
| VERSUS | NO. 07-0574 |
| CHEVRON ORONITE COMPANY L.L.C. AND CHEVRON USA INC. | SECTION "N" (5) |

### ORDER AND REASONS

Before the Court is the Motion to Dismiss or, Alternatively, Motion for More Definite Statement of Chevron Oronite Company L.L.C. and Chevron USA Inc. (Rec. Doc. No. 8). For the reasons explained herein, Defendants' Motion to Dismiss is **DENIED** without prejudice. Defendants' Motion for More Definite Statement, however, is **GRANTED**. Plaintiffs are instructed to amend their complaint in conformity with this Order within twenty (20) days from the date the Order is filed. In making those amendments, Plaintiffs, Chester and Libby Wallace, are directed to file a superceding and amended complaint that includes the allegations in its original complaint on which Plaintiffs continues to rely, as well as Plaintiffs' amendments.

### ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema,* 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Given this simplified notice pleading standard, Rule 12(b)(6) motions to dismiss are "viewed with disfavor and [are] rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)(internal citations omitted). Further, a Rule 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. at 998 (internal citations omitted); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999 ("dismissal will not be affirmed if the allegations support relief on any possible theory") (internal citations omitted). In making this determination, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159, 106 S. Ct. 2279 (1986). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Finally, if the complaint "fails to specify the allegations in a manner that provides sufficient notice," a motion for more definite statement, pursuant to Rule 12(e), is appropriate. *Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. at 998.

At this juncture, although it is far from apparent that the Rule 23 requirements are satisfied in this instance, the Court declines to dismiss Plaintiffs' complaint or deny class

certification. Rather, as requested by Defendants, the Court will require Plaintiffs to amend their complaint to provide a more definite statement of their claims and their class action allegations.

With respect to damages, for instance, Plaintiffs allege, in part:

> Plaintiffs' claims are typical of the class. Plaintiffs all reside and/or were present within the affected area. They have suffered personal injuries and/or their real and personal property have been contaminated by the release of maleic anhydride and other harmful substances. They have been required to stay within the contaminated area. Plaintiffs' interests are identical to those of other class members.

*See* Complaint, ¶25.

> As a result of the release of maleic anhydride and other harmful substances from the Oak Point Plant, plaintiffs, individually and on behalf of the putative class, claim compensation for:
>
> a. Inconvenience and trespass;
> b. Remediation and/or replacement of all affected personal and real property;
> c. Diminution of property value;
> d. Loss of use;
> e. Mental anguish caused by property damage;
> f. Business interruption;
> g. Damages for delayed return and/or access and/or for being required to shelter in place;
> h. Damages to trees, shrubs, and crops;
> i. Personal injuries;
> j. Punitive damages; and/or
> k. Any other damages to which plaintiffs may be entitled.

*See* Complaint, ¶28. At a minimum, Plaintiffs and putative class representatives, Chester and Libby Wallace, must indicate whether they reside, were present, or reside and were present in the affected area during the relevant time. Similarly, they should be able to identify the type(s) of alleged damages that they individually have suffered, and provide some indication of the severity of those damages and the damages allegedly suffered by the putative class members. This is important to

provide Defendants with adequate notice of Plaintiffs' individual claims and to facilitate consideration of Rule 23's requirements.

## CONCLUSION

Defendants' Motion to Dismiss is **DENIED** without prejudice. Defendants' Motion for More Definite Statement, however, is **GRANTED**. Plaintiffs are instructed to amend their complaint in conformity with this Order within twenty (20) days from the date the Order is filed. In making those amendments, Plaintiffs are directed to file a superseding and amended complaint that includes the allegations in its original complaint on which Plaintiffs continues to rely, as well as Plaintiffs' amendments.

New Orleans, Louisiana, this __14th__ day of June 2007.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**